## JULIA FINNERAN AND JOHN FINNERAN V. JAMES COURSEY.

EJECTMENT; *Apportionment of Costs.* The plaintiff commenced an action in ejectment against the defendant, for the recovery of certain real property. In his answer, the defendant among other things set forth that the plaintiff's claim was a cloud upon his (the defendant's) title, and prayed that the same should be removed. On the trial the court found that the plaintiff's title was a void tax deed, but that the plaintiff had a lien upon the property in controversy for taxes paid by him, and ordered that the property be sold to satisfy such lien. *Held,* That the plaintiff should pay all the costs which accrued in the prosecution of or the defense against his cause of action for the recovery of the property; and that the defendant should, in the discretion of the court, pay all costs which accrued in the prosecution of or the defense against his cause of action to remove the cloud from his title.

### *Error from Leavenworth District Court.*

EJECTMENT, brought by *Coursey* against *Finneran* and another, to recover lot 12, in Diefendorf's subdivision of the east half of the northeast quarter of section 29, township 8, range 22, in Leavenworth county. Trial by the court without a jury, February 3, 1883. The court found that the only evidence of plaintiff's title was a void tax deed, and therefore that he was not entitled to recover the property in controversy; but the court also found that he had paid certain taxes on the property which were a lien thereon, and ordered that the property be sold to satisfy such lien. The court also rendered judgment for all the costs of the action, for the plaintiff, and against the defendants. They bring the judgment here.

*Thos. P. Fenlon,* for plaintiffs in error.

*C. F. W. Dassler,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: James Coursey commenced an action in ejectment in the district court of Leavenworth county, Kansas, against Julia Finneran and John Finneran, to recover

certain real estate situated in that county. The petition of the plaintiff was an ordinary petition in that kind of an action. · The defendants filed an answer to this petition, setting up: (1) A general denial; (2) that the plaintiff's claim was a cloud upon the defendants' title, and praying that the same should be removed. The plaintiff replied to this answer, denying generally the allegations thereof, and again alleging his own ownership of the property in controversy, and his right to the immediate possession thereof. Upon these pleadings, a trial was had before the court without a jury, and the court found that the only evidence of the plaintiff's title was a void tax deed; and therefore held that the plaintiff was not entitled to recover the property in controversy. But the court also found that the plaintiff had previously paid certain taxes on the property, which taxes were a lien thereon, and ordered that the property be sold to satisfy such lien. The court also rendered a judgment in favor of the plaintiff, and against the defendants for all the costs of the suit. The defendants, as plaintiffs in error, now complain of this judgment for costs. They claim that none of the costs of the suit should have been adjudged against them, and claim that they should have recovered a judgment against the plaintiff for all the costs.

We are inclined to think that the judgment of the district court is erroneous, but not erroneous to the extent claimed by the plaintiffs in error. It must be remembered that the action was a double action; and that the plaintiff set forth a cause of action for the recovery of real property; and that the defendants set forth a cause of action to remove a cloud from their title. Both parties claimed affirmative relief; and while either party could have dismissed his or their own cause of action, neither of them could have dismissed the cause of action set up by the other. One cause of action might have been tried in the absence of the other. The plaintiff was defeated with respect to his cause of action, and the defendants were virtually defeated with respect to their cause of action. It was held by the trial court that the plaintiff did

not have any title to the property in controversy, and judgment was rendered accordingly; but it was also held that the plaintiff held tax liens upon the property; that the defendants did not have a clear title thereto; that a cloud for the taxes rested upon the title; and that unless such taxes were paid, the property should be sold to satisfy the same. The defendants had never tendered these taxes, or offered to pay the same, but resisted the plaintiff's claim to be reimbursed therefor.

Now we think that the plaintiff should pay all the costs which accrued in the prosecution of or the defense against the plaintiff's cause of action for the recovery of the property, (Civil Code, §§ 589, 590;) and the defendants should, in the discretion of the court, pay all costs which accrued in the prosecution of or the defense against their cause of action to remove the cloud from their title. (Civil Code, § 591.) This we think would be in accordance with both law and justice. We do not think that it is necessary to designate the particular items of costs which either party should pay. That can be done by the district court better than we can do it.

This cause will be remanded, with the order that the judgment of the district court for costs be modified in accordance with this opinion.

HORTON, C. J., concurring.